United States District Court
Southern District of Texas

**ENTERED**

July 28, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANITA LANGLEY, ON BEHALF OF      §
HERSELF AND ALL OTHERS            §
SIMILARLY SITUATED,               §
                                  §
          Plaintiff,              §
                                  §
v.                                §        CIVIL ACTION NO. H-16-1351
                                  §
NORTHSTAR LOCATION SERVICES,      §
LLC,                              §
                                  §
          Defendant.              §

### MEMORANDUM OPINION AND ORDER

Plaintiff Anita Langley ("Langley") brought this action against Defendant Northstar Location Services, LLC ("Northstar") pursuant to the Fair Debt Collection Practices Act ("FDCPA").[1] Pending before the court is Defendant Northstar Location Services, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss") (Docket Entry No. 11). For the reasons discussed below, the Motion to Dismiss will be denied.

### I.   Factual Background

Langley alleges the following facts. Northstar sent Langley the debt collection Letter on February 1, 2016. The body of the Letter reads:

> Our records indicate you made an arrangement to make a payment in the amount of $10.00 which was due in our

---

[1] See Class Action Complaint ("Complaint"), Docket Entry No. 1.

-1-

office on 1/30/16, but has not been received.  This payment is now considered past due.  Payment of this amount along with any additional past due payments must be forwarded to our office.

Detach and submit the top portion of this letter along with your payment or if you prefer to pay by Check-by-Phone or Master Card/Visa, you may contact our office at 1-866-224-9825 to make arrangements.  You may also visit our website at www.gotonls.com to make a payment.

Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void.

Due to the age of your account Discover Bank is not able to file suit against you but if you take specific action such as making a written promise to pay, the time for filing a suit will be reset.  We would like to work with you to resolve your account balance.

This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose.[2]

Langley alleges that she did not make an arrangement to make a $10.00 payment.[3]

The debt the Letter refers to is time-barred, and Northstar is no longer able to legally enforce the debt.[4]  However, Langley's partial payment would revive limitations on the entire debt.[5]

---

[2]See Letter from Northstar to Langley dated February 1, 2016 (the "Letter"), Exhibit A to Complaint, Docket Entry No. 1-1.

[3]See Complaint, Docket Entry No. 1, p. 3 ¶ 19.

[4]See id. at 4 ¶ 21; Letter, Exhibit A to Complaint, Docket Entry No. 1-1.

[5]See Complaint, Docket Entry No. 1, p. 3 ¶¶ 22-24.  Langley also asserts class action allegations that the Letter is based on a "Template" in which Northstar falsely states that the individual

-2-

Langley filed her Complaint on May 12, 2016, alleging two causes of action for violations of the FDCPA. First, Langley alleges that Northstar "violated 15 U.S.C. §§ 1692e, 1692e(10) by falsely stating in its [Letter] that Plaintiff had agreed to make a payment on the debt when such agreement had not, in fact, been made," and that Northstar "further violated § 1692e because the [Letter's] attempt to collect a payment from Plaintiff was deceptive or misleading where any payment towards the Debt would renew the statute of limitations for the entirety of the Debt owed."[6] Second, Langley alleges that Northstar "violated 15 U.S.C. § 1692f by falsely stating in its [Letter] that Plaintiff had agreed to make a payment on the time-barred Debt in an attempt to revive the statute of limitations on the entirety of the Debt," and that the Letter "was unfair and unconscionable because Defendant attempted to deceive Plaintiff to make a payment and unwittingly renew the statute of limitations for the entirety of the Debt."[7] Northstar filed the Motion to Dismiss on June 27, 2016.

---

has made arrangements to make a payment on their debt in order to restart the statute of limitations and that Northstar has used the Template to send collection notices to at least 40 individuals in Texas within the year prior to the filing of the Complaint. See id. at 4-7 ¶¶ 25-46 (including a class definition and further allegations regarding why a class action is appropriate).

[6]Id. at 7 ¶¶ 49, 50.

[7]Id. at 9 ¶¶ 53, 54.

## II.   <u>Standard of Review</u>

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States</u>, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true and view them in a light most favorable to the plaintiff.  <u>Id.</u>

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 127 S. Ct. at 1965).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 127 S. Ct. at 1965).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

-4-

possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966). When considering a motion to dismiss, courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

### III.  Analysis

**A.  The FDCPA**

"Congress enacted the FDCPA . . . to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)). "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope." Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir. 2002) (citations omitted).

"When deciding whether a debt collection letter violates the FDCPA, [the] court must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)

(citations and quotations omitted).[8] The court "assume[s] that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." <u>Id.</u> (quoting <u>Goswami v. American Collections Enterprises, Inc.</u>, 377 F.3d 488, 495 (5th Cir. 2004)). The debt collection letter should be considered as a whole. <u>See id.</u> at 607; <u>Gomez v. Niemann & Heyer, L.L.P.</u>, Civ. Action No. 1:16-CV-119 RP, 2016 WL 3562148, at *3 (W.D. Tex. June 24, 2016).

Whether a collection letter violates the FDCPA can be a question of fact. <u>See Gonzalez</u>, 577 F.3d at 606 (reviewing a letter the plaintiff claimed violated § 1692e(3) because it was sent on law firm letterhead but did not contain a clear enough disclaimer that lawyers were not involved in the debt collection). Texas federal district courts have thus recognized that it is appropriate to deny Rule 12(b)(6) motions on plaintiff's § 1692e and § 1692f claims when those claims are well-pleaded and raise a fact issue of how the unsophisticated or least sophisticated

---

[8]<u>See also</u> <u>McMurray v. ProCollect, Inc.</u>, 687 F.3d 665, 669 n.3 (5th Cir. 2012) (The Fifth Circuit has not chosen between the "unsophisticated" and "least sophisticated" consumer."). "The least sophisticated consumer standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." <u>Id.</u> at 669 (citation and quotations omitted). "The unsophisticated consumer standard serves the same purposes and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." <u>Id.</u> (same).

consumer would perceive the debt collector's communication.[9]  <u>See,</u> <u>e.g.</u>, <u>Carter v. First National Collection Bureau, Inc.</u>, 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015) ("[W]hether an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion.") (citing <u>Gonzalez</u>, 577 F.3d at 605-06; <u>Langley v. Weinstein & Riley, P.S.</u>, Civ. Action No. H-12-1562, 2013 WL 2951057, at *3 (S.D. Tex. June 14, 2013); <u>Karp v. Financial</u> <u>Recovery Services, Inc.</u>, Civ. Action No. A-12-CA-985 LY, 2013 WL 6734110, at *4 (W.D. Tex. Dec. 18, 2013)); <u>Gomez</u>, 2016 WL 3562148, at *4; <u>Prophet v. Myers</u>, 645 F. Supp. 2d 614, 620 (S.D. Tex. 2008).

## B.   The Motion to Dismiss

Langley's first cause of action is for violation of 15 U.S.C. §§ 1692e, 1692e(10), which prohibit debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt . . . ."  Her second cause of action is for violation of 15 U.S.C. § 1692f, which states: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Northstar does not argue that Langley is not a "consumer" or that it is not a "debt collector" attempting to collect a "debt" from Langley.  <u>See</u> 15 U.S.C. § 1692a(3), (5), (6).

---

[9]<u>Gonzalez</u> only addressed § 1692e.  <u>Cf.</u> <u>LeBlanc v. Unifund CCR</u> <u>Partners</u>, 601 F.3d 1185, 1201 (11th Cir. 2010) ("[A]s with our evaluation of § 1692e(5), whether Unifund's letter constitutes an 'unfair or unconscionable means to . . . attempt to collect a debt' for purposes of § 1692f presents a jury question.").

Threats to sue on a time-barred debt can violate the FDCPA. See <u>Castro v. Collecto, Inc.</u>, 634 F.3d 779, 783 (5th Cir. 2011); <u>see also</u> <u>Johnson v. Capital One Bank</u>, Civ. Action No. SA-00-CA-315-EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000) (citing <u>Kimber v. Federal Financial Corporation</u>, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987)).  Northstar argues that the FDCPA does not prohibit attempts to recover a time-barred debt, however, unless the attempt to collect is accompanied by a threat of litigation.[10]

Northstar relies on <u>Daugherty v. Convergent Outsourcing, Inc.</u>, Civ. Action No. H-14-3306, 2015 WL 3823654 (S.D. Tex. June 18, 2015).[11]  There, Daugherty claimed that the defendants violated the FDCPA by sending her a letter seeking repayment of a debt for which the statute of limitations had expired.  <u>Id.</u> at *1-2.  Daugherty claimed that the letter violated §§ 1692e and 1692f because it failed "to advise that the Debt was outside the applicable statute of limitations," or that "partial payment would have revived the statute of limitations."  <u>Id.</u> at *2.  However, Daugherty never alleged that the letter contained any false statement or misrepresentation, but instead "broadly plead[ed]" that the letter

---

[10]<u>See</u> Motion to Dismiss, Docket Entry No. 11, p. 8.  Langley responds that "[Northstar's] motion sets up a strawman, attempting to exploit the split within this District over the propriety of attempting to collect a time-barred debt . . . .  This case does <em>not</em> concern that divisive legal question."  Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 18, p. 1.

[11]<u>See</u> Motion to Dismiss, Docket Entry No. 11, pp. 11-13.

was "'false, deceptive, or misleading' because receipt of an offer to settle the account for a fraction of what is owed 'could mislead the reader' into believing the debt was legally enforceable or that collection could be achieved through judicial means." Id. at *4. The letter did not contain either an express or implied threat of a lawsuit. See id. at *1, *7.

The court granted the defendants' motion to dismiss, noting that §§ 1692e and 1692f do not "state[] that in connection with the collection of a debt legal advice must be given on . . . state statutes of limitations for lawsuits where no lawsuit is mentioned or threatened, either expressly or impliedly." Id. at *6. Thus, the court held that the defendants' "statutory-compliant, non-threatening written offer" to settle a past-due account for a fraction of what was owed was not "an 'abusive debt collection practice' within the meaning of the FDCPA." See id. at *7.[12]

Northstar also cites Johnson, 2000 WL 1279661, at *1, where the court examined a letter sent by a debt collector in an attempt to collect on a 20-year old debt. The letter did not "threaten a

---

[12]Northstar also cites authority from other jurisdictions. See Motion for Summary Judgment, Docket Entry No. 11, p. 11 (citing Freyermuth v. Credit Bureau Services, 248 F.3d 767, 771 (8th Cir. 2001); Huertas v. Galaxy Asset Management, 641 F.3d 28, 33 (3d Cir. 2011); Murray v. CCB Credit Services, Inc., Civ. Action No. 04-C-7456, 2004 WL 2943656 (N.D. Ill. Dec. 15, 2004); Walker v. Cash Flow Consultants, Inc., 200 F.R.D. 613, 616 (N.D. Ill. 2001); Shorty v. Capital One Bank, 90 F. Supp. 2d 1330, 1331-33 (D.N.M. 2000)); id. at 13 (discussing Brewer v. Portfolio Recovery Associates, Civ. Action No. 1:07-CV-113-M, 2007 WL 3025077, at *6-7 (W.D. Ky. Oct. 15, 2007)).

lawsuit," but did "threaten future collection action." Id. at *2.
The court held:

> [A] statute of limitations bar applies only to *judicial*
> remedies; it does not eliminate the debt.  Creditors are
> entitled to attempt to pursue even time-barred debts, so
> long as they comply with the rules of the FDCPA.  The
> collection language here is neither harassing nor
> threatening.  It simply states that failure to challenge
> the debt will result in further collection efforts.
> There is no mention of legal remedies or of any remedy
> that the creditor may not legally pursue.  Nor does the
> Court see any legal basis for concluding that the
> additional language here is misleading in format or
> content.

Id.

Based on this authority, Northstar argues that both of
Langley's claims fail because "the letter at issue *explicitly*
*states* that if plaintiff takes any action with respect to the debt,
including making a promise to pay, the time for filing suit will be
reset."[13]  Northstar also argues that "*[e]ven if* the letter did not
advise plaintiff that the limitation may be revived if she were to
make a partial payment or otherwise acknowledges the debt . . .
authority on point provides that this does not constitute a
violation of the FDCPA."[14]

---

[13]Motion to Dismiss, Docket Entry No. 11, p. 8 (citing Letter,
Exhibit A to Complaint, Docket Entry No. 1-1).

[14]Id.

There is a split in the law on this issue within this district that Northstar does not address.[15]  In Carter, 135 F. Supp. 3d at 567-68, the collection letter did not explain that the statute of limitations on the debt had expired and that the defendants were thus time-barred from legally enforcing the debt.  The plaintiff alleged that by "'extend[ing] . . . [a] *settlement offer*' on a time-barred debt, without disclosing that the debt is time-barred, Defendants falsely suggested that they could file suit to enforce the debt."  Id. at 568.  The plaintiff argued that it was a deceptive and unfair practice in violation of §§ 1692e and 1692f to imply that the debt was legally enforceable.  Id.  The court noted that "[a]ll courts agree that, where a debt collector seeks to collect on a time-barred debt, statements threatening to sue on the debt (or actions initiating suit) are *sufficient* to violate § 1692 of the FDCPA."  Id. at 570 (citing Castro, 634 F.3d at 783).  The issue was "whether the threatening of litigation is also *necessary* to violate § 1692, or whether . . . merely using the terms 'settle/settlement' (without disclosing that the debt is

_____

[15]The court in Daugherty, 2015 WL 3823654, at *5, recognized that the Seventh Circuit gave a contrary interpretation of the FDCPA in McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1020 (7th Cir. 2014).  McMahon held that offers to "settle" time-barred debts could mislead consumers into believing that the debt was judicially enforceable, in violation of the FDCPA.  The Seventh Circuit recognized that its holding conflicted with the Eighth and Third Circuits.  McMahon, 744 F.3d at 1020.  The Sixth Circuit followed McMahon in Buchanan v. Northland Group, Inc., 776 F.3d 393, 399-400 (6th Cir. 2015), but found that its holding did not "put it at odds" with the Third and Eighth Circuits.

time-barred) is sufficient for a violation, as it could mislead a debtor to believe that the stale debt is legally enforceable." <u>Id.</u> The court held that "a debt collector's misrepresentation as to its right to sue on a debt is itself sufficient to violate § 1692; the statute imposes no additional requirement that the debt collector actually threaten to sue." <u>See id.</u> (discussing <u>McMahon</u>, 744 F.3d at 1020; <u>Buchanan</u>, 776 F.3d at 398-99).[16]

All of these opinions recognize that a debt collector may violate the FDCPA by threatening litigation when attempting to collect a time-barred debt. This court concludes that threatening litigation is not the only way a debt collector may violate the FDCPA and that the absence of a threat of litigation does not absolve a debt collector of satisfying the standards imposed by the FDCPA. For example, a false statement in a debt collector's settlement offer can be actionable under the FDCPA. <u>See</u> <u>Goswami</u>, 377 F.3d at 495-96 ("The letter states, falsely, that 'only during the next thirty days, will our client agree to settle your

---

[16]The <u>Carter</u> court recognized that the Third and Eight Circuits reached a contrary interpretation of the FDCPA that the <u>Daughtery</u> court followed. <u>Carter</u>, 135 F. Supp. 3d at 571 ("However, the text of the FDCPA does not permit the one particular type of conduct proscribed under § 1692e(5) to be converted into an essential element for establishing any liability under § 1692e. For § 1692 prohibits not only threatening to take actions that cannot legally be taken, but also the use of any 'false, deceptive, or misleading representation,' including specifically those about the 'legal status' of any debt. Regardless of whether a debt collector *will* sue on a debt, § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* sue.") (citations omitted).

-12-

outstanding balance due with a thirty (30%) percent discount off your above balance owed.' In actual fact, Capital One had authorized ACEI to give debtors such as Goswami a 30% discount at any time, not just for a period of thirty days. . . . [I]t is important to permit collection agencies to offer settlements, [but] that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a nondeceitful manner.").

In considering a motion to dismiss, the court must accept as true plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff. See Ramming, 281 F.3d at 161. Thus, the court accepts (and Northstar does not dispute) that Langley did not enter an arrangement to make a payment as stated in the Letter. Northstar thus went beyond merely seeking voluntary repayment of a time-barred debt, which distinguishes this case from the cases cited by Northstar. In Johnson, 2000 WL 1279661, at *2, for example, the court noted that it did not "see any legal basis for concluding that the additional language here is misleading in format or content." Northstar's Letter, however, begins by discussing a non-existent earlier agreement to make a $10.00 payment that was past-due at the time Northstar sent the Letter. This could be "additional language . . . misleading in format or content." See id. at *2. The court in Daugherty, 2015 WL 3823654, at *4, noted that the plaintiff did not allege that the letter sent by defendants contained any false statement or

-13-

misrepresentation.  Here, Langley alleges that the Letter contains a false statement.[17]

The Letter does not threaten litigation, and it states that "[d]ue to the age of your account Discover Bank is not able to file suit against you but if you take specific action such as making a written promise to pay, the time for filing suit will be reset."[18] Reading the Letter as a whole, however, including the mention of the "agreement to pay," reasonable minds could differ on whether it contains a "false, deceptive, or misleading representation" or is an "unfair or unconscionable means" to attempt to collect a debt. See Gonzalez, 577 F.3d at 607.  The Letter's explanation about "specific action" does not persuade the court that an unsophisticated consumer would understand the consequences of making the payment the Letter demands.  It is also unclear whether the "settlement offer" refers to the "arrangement to make a payment" or the underlying debt.  Even if Northstar was not required to disclose that the debt was time-barred, Northstar went beyond seeking voluntary repayment of the time-barred debt; it sought a nominal payment (that would restart the statute of

---

[17]See Complaint, Docket Entry No. 1, p. 3 ¶¶ 18-19.  The language of the later paragraph is not as clear as Northstar makes it out to be; it states that "if you take specific action such as making a written promise to pay, the time for filing suit will be reset."  It does not say that making a partial payment will reset the statute of limitations for the entire debt.

[18]See Letter, Exhibit A to Motion to Dismiss, Docket Entry No. 1-1.

-14-

limitations) by discussing a non-existent agreement and "past due" payment on that agreement. Given the broad remedial scope of the statute, the court finds that Langley has alleged plausible claims for violations of 15 U.S.C. §§ 1692e and 1692f.

### IV.  <u>Conclusion and Order</u>

For the reasons discussed above, the court concludes that Langley has satisfied the requirements of Rule 8, and the Complaint is not subject to dismissal pursuant to Rule 12(b)(6). Therefore, Defendant Northstar Location Services, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Docket Entry No. 11) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 28th day of July, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-15-